# United States District Court

## WESTERN DISTRICT OF MICHIGAN

**UNITED STATES OF AMERICA**

v.

**EDWARD DUANE TOBAR**

**ORDER OF DETENTION PENDING TRIAL**

Case Number: 1:09-CR-80

In accordance with the Bail Reform Act, 18 U.S.C. §3142(f), a detention hearing has been held. I conclude that the following facts require the detention of the defendant pending trial in this case.

### Part I - Findings of Fact

☐ (1) The defendant is charged with an offense described in 18 U.S.C. §3142(f)(1) and has been convicted of a (federal offense) (state or local offense that would have been a federal offense if a circumstance giving rise to federal jurisdiction had existed) that is

  ☐ a crime of violence as defined in 18 U.S.C.§3156(a)(4).

  ☐ an offense for which the maximum sentence is life imprisonment or death.

  ☐ an offense for which the maximum term of imprisonment of ten years or more is prescribed in _____

  ☐ a felony that was committed after the defendant had been convicted of two or more prior federal offenses described in 18 U.S.C.§3142(f)(1)(A)-(C), or comparable state or local offenses.

☐ (2) The offense described in finding (1) was committed while the defendant was on release pending trial for a federal, state or local offense.

☐ (3) A period of not more than five years has elapsed since the (date of conviction) (release of the defendant from imprisonment) for the offense described in finding (1).

☐ (4) Findings Nos. (1), (2) and (3) establish a rebuttable presumption that no condition or combination of conditions will reasonably assure the safety of (an)other person(s) and the community. I further find that the defendant has not rebutted this presumption.

### Alternate Findings (A)

☒ (1) There is probable cause to believe that the defendant has committed an offense

  ☒ for which a maximum term of imprisonment of ten years or more is prescribed in 21 U.S.C. § 801 et seq

  ☐ under 18 U.S.C.§924(c).

☒ (2) The defendant has not rebutted the presumption established by finding 1 that no condition or combination of conditions will reasonably assure the safety of the community.

### Alternate Findings (B)

☐ (1) There is a serious risk that the defendant will not appear.

☒ (2) There is a serious risk that the defendant will endanger the safety of another person or the community.

Defendant is a 34-year-old native of Benton Harbor. He has not worked for well over a year and has no income or assets. He has a lengthy criminal history which includes a prison term beginning in 1994 for delivery/manufacturing less than 50 grams. Defendant was promptly paroled for a period of 4 years. Defendant has admitted selling crack cocaine since 1994. This would mean that he was selling crack cocaine during the 4 years he was on parole. Defendant was again convicted and sentenced to prison for the same type of offense in 2002. He was paroled shortly afterwards for a period of 2 years (Oct. 2003 through Oct. 2005), during which time he again continued to sell crack. He has 7  (continued on attachment)

### Part II - Written Statement of Reasons for Detention

I find that the credible testimony and information submitted at the hearing establishes by clear and convincing evidence that

no condition or combination of conditions will assure the safety of the community from further drug dealing by this defendant, based upon the unrebutted presumption, and alternatively based upon the fact that he has been a crack dealer for almost a decade and a half, and that he was selling even during two separate times when he was on parole. There is no reason to believe he would not continue to sell drugs if released back into the community on bond, as he did while he was on parole.

### Part III - Directions Regarding Detention

The defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. The defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the Government, the person in charge of the corrections facility shall deliver the defendant to the United States marshal for the purpose of an appearance in connection with a court proceeding.

Dated: April 8, 2009

/s/ Hugh W. Brenneman, Jr.
*Signature of Judicial Officer*

Hugh W. Brenneman, United States Magistrate Judge
*Name and Title of Judicial Officer*

*Insert as applicable: (a) Controlled Substances Act (21 U.S.C. §801 *et seq.* ); (b) Controlled Substances Import and Export Act (21 U.S.C. §951 *et seq.* ); or (c) Section 1 of Act of Sept. 15, 1980 (21 U.S.C. §955a).

United States v. **EDWARD DUANE TOBAR**
1:09-CR-80
**ORDER OF DETENTION PENDING TRIAL**
Page 2.

**Alternate Findings (B)** - (continued)

other convictions since the year 2000 as well.  There is currently an open warrant on him for a lesser matter pertaining to expired license plates.

As a result of some controlled buys, defendant's residence was searched, at which time he unsuccessfully attempted to flee by blockading himself in the bathroom.  Crack cocaine was found in his residence, and he admitted that $1,100.00 found in the residence came from the sale of crack as well.  According to defendant's girlfriend, he has sold crack from his residence for the past 14 years.

**Part II - Written Statement of Reasons for Detention** - (continued)